UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REBECCA SEROU** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-0847** |
| **S. GUY deLAUP AND**<br>**S. GUY deLAUP, PLCs** | **SECTION K** |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment (Rec. Doc 32) filed on behalf of the defendants, S. Guy DeLaup and S. Guy DeLaup, PLC ("DeLaup"). The parties waived oral argument and the matter was taken under submission on October 4, 2006. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

### I.    BACKGROUND

On May 2, 2002, Gordon P. Serou, Jr. filed a Petition for Divorce from his wife, plaintiff Rebecca W. Serou, in Orleans Parish Civil District Court.  Plaintiff filed a Reconventional Demand for divorce, spousal support, temporary restraining orders and preliminary writ of

injunctions.  Plaintiff's first attorney took the action for divorce to trial in October 2002, and divorce was granted on November 15, 2002.  No written judgment was forthcoming.

Dissatisfied with her representation during the divorce proceedings, the plaintiff fired her first attorney and hired the defendant to finish the divorce proceedings and handle the "basic housekeeping issues [that] hadn't been take care of."  (Deposition of Rebecca Serou, July 14, 2006, p. 39).  Defendant represented the plaintiff from July 2003 to August 2004, during which time, on February 19, 2004,  the written judgment was issued.  On March 19, 2004, the parties signed a consent agreement regarding property.

Ms. Serou filed the instant legal malpractice claim against Mr. DeLaup, for "legal malpractice which occurred during DeLaup's representation of plaintiff from March, 2003, through July, 2004, in the case of *Serou v. Serou*, No. 02-5800, Civil District Court, Parish of Orleans, State of Louisiana, a child custody, domestic violence, and community property partition case."  (Complaint, pp. 1-2.)  Specifically, plaintiff alleges: (1) that Mr. DeLaup was negligent in advising her to waive her claim for attorney's fees and costs against Mr. Serou; and (2) that Mr. DeLaup allegedly breached a duty for failing to file a tort claim against her ex-husband for personal injury sustained during the marriage.  Plaintiff has withdrawn her allegations of malpractice regarding the issue of attorney's fees.  (Opposition to Motion for Summary Judgment, p. 4.)  Therefore, at issue is whether Mr. DeLaup violated an alleged duty to advise Ms. Serou of a potential tort claim against her ex-husband and, if so, whether this claim is peremped, pursuant to Louisiana Revised Statute 9:5605.

For the following reasons, the Court finds that whether or not Mr. DeLaup had a duty to

advise Ms. Serou of any potential tort claim is immaterial, as, in accordance with Louisiana law, any claim she may have had is perempted.

## II.     LAW AND ANALYSIS

### A.     RULE 56 SUMMARY JUDGMENT

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.  Stults v. Conoco, Inc., 76 F.3d 651, 655-56 (5th Cir. 1996) (citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912-13 (5th Cir. 1992) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)), *cert. denied*, 506 U.S. 832 (1992)).  When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis supplied); Tubacex, Inc. v. M/V RISAN, 45 F.3d 951, 954 (5th Cir. 1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 588.  Finally, the Court notes that substantive law determines the materiality of facts and only

"facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

**B.     PEREMPTION**

Under Louisiana law, the limitations period governing legal malpractice claims is set forth in Louisiana Revised Statute 9:5605, which provides that "[n]o action for damages against any attorney at law duly admitted to practice in this state..., whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered..."  The Louisiana Supreme Court in Reeder v. North, 97-0239 (La. 10/21/97) 701 So.2d 1291, ruled that this statutory language should be strictly construed.  The Court held:

> While the terms of the legal malpractice statute may seem unfair in that a person's claim may be extinguished before he realized the full extent of his damages, the enactment of such a statute of limitations is exclusively a legislative prerogative.

Id. at 1296.

In the instant case, plaintiff had one year from the date of the alleged act, omission, or neglect, or one year from the date she discovered, or should have discovered, any alleged act of malpractice, in which to maintain an action to file a legal malpractice action.  The one-year period set forth in La. R.S. 9:5606 is a peremptive period, as opposed to a prescriptive period. Dauterive Contractors, Inc. v. Landry and Watkins, 811 So.2d 1242, 2001-1112 (La. App. 3 Cir.

3/13/02). Accordingly, termination of the one-year period extinguishes or destroys the right. Id. at 1251 (citing La. Civ. Code art. 3458). Public policy requires that the rights to which peremptive periods attach are to be extinguished after passage of a specified period. Id. As such, nothing may interfere with the running of a peremptive period. Id. It may not be interrupted or suspended, nor is there a period for its renunciation. Id. The peremptive period begins to run upon the plaintiff's knowledge of the facts upon which her claim is based. Ledbetter v. Wheeler, 31, 357 (La. App. 2 Cir. 12/9/98) 722 So.2d 382, 385.

The standard imposed on the plaintiff is that of a "reasonable man." Carroll v. Wolfe, 98, 1910 (La. App. 1 Cir. 9/24/99) 754 So.2d 1038, 1041 (citing Griffin v. Kinberger, 507 So.2d 821 (La. 1987). Any plaintiff who has knowledge of facts that would place a reasonable man on notice that malpractice may have been committed shall be held to have been subject to the commencement of prescription by virtue of such knowledge, even if he asserts a limited ability to comprehend and evaluate the facts. Id..(citing Taussig v. Leithead, 689 So.2d 680, 684 (La. App. 3 Cir. 1997). It is not necessary that a plaintiff sustain all, or even the greater portion, of the damages which are occasioned by the attorney's alleged fault before a cause of action for malpractice arises. Ledbetter, 722 So.2d at 386.

The defendant argues that by October or November 2003, or at the latest, March 8, 2004, Ms. Serou alleges that she knew Mr. DeLaup was negligent and committing malpractice. As she did not file her suit until March 17, 2005, more than one year later, the defendant contends that this lawsuit is not timely.

The plaintiff, in response, argues that the basis of her claim is one act of malpractice on

the part of Mr. DeLaup, his failure to inform her of the tort cause of action against her ex-husband.  She testifies that she did not learn of her right to file her tort suit until she engaged new counsel, Mr. Ducote, in August of 2004.  Her malpractice action against Mr. DeLaup was filed on March 17, 2005, which she contends is within one year from the date that she discovered the alleged act, omission, or neglect.

In Taussig v. Leitheard, 96-960 (La. App. 3 Cir. 2/19/97) 689 So.2d 680, relied upon by the defendants, the Court found alleged separate acts of malpractice shall be considered a single tort where the underlying factual basis is the same and the alleged acts occurred during the period of representation.  In Taussig, decided prior to the 1990 legislative amendment mandating that the period of limitation in a legal malpractice action be preemptive, as opposed to prescriptive, the plaintiff asserted that twenty alleged acts of negligence require the application of, presumably, twenty separate prescriptive periods.  The Court found that only a single tort was alleged, negligent representation of the plaintiff during her divorce and community property settlement, albeit by twenty separate acts of negligence.  Id.  Because the underlying factual basis was the same, each of the plaintiff's allegations was held to stem from the defendant's alleged negligent handling of plaintiff's divorce.  Id. at 683-84.  Thus, the appellate court upheld the trial court's determination that there was a single cause of action with one prescriptive period.  Id. at 684.

Similarly, in the case at bar, this Court finds that plaintiff's continuous claims of malpractice throughout the course of Mr. DeLaup's representation during July 2003 to August 2004 constitute one cause of action.  E-mail correspondence, beginning on October 9, 2003,

from the plaintiff to the defendant evidences that she was concerned he was not acting in her best interest and that she did not trust him to represent her.  (Defendant's Exhibits "L", "M", "N" and "O".)   Further, the defendant contends that the plaintiff knew he was allegedly committing malpractice on March 8, 2004, when she threatened to file an ethics complaint and malpractice suit against him for his alleged negligence and legal errors.  (Defendant's Exhibit "Q".)   While the defendant denies that there was any malpractice, he did advise plaintiff to get a second opinion or talk to another lawyer if she felt that he was not representing her properly. Nonetheless, despite the accusations made by Mr. Serou that Mr. DeLaup was negligent in a number of ways, she did not investigate her accusations.  In addition, Ms. Serou obviously knew she had allegedly been battered and there is nothing in the record to demonstrate that she broached this issue with her attorney at any time, as a "reasonable" person would have.

This Court finds Ms. Serou was aware of the facts which form the basis of her malpractice claim as early as October, 2003, or at the latest, by March 8, 2004.  As a matter of law, her knowledge is sufficient to start the running of the one-year peremptive period under La. R.S. 9:5605.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment filed on behalf of the defendants, S. Guy DeLaup and S. Guy DeLaup, PLC,  is **GRANTED.**

New Orleans, Louisiana, this   18th day of December, 2006.

                                      **STANWOOD R. DUVAL**
                              **UNITED STATES DISTRICT JUDGE**